NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3253-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

BRIAN D. SOOY, a/k/a BJ,

 Defendant-Appellant.
___________________________

 Submitted June 21, 2017 — Decided August 14, 2017

 Before Judges Fuentes and Koblitz.

 On appeal from Superior Court of New Jersey,
 Law Division, Salem County, Indictment No. 14-
 12-0675.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alicia Hubbard, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 John T. Lenahan, Salem County Prosecutor,
 attorney for respondent (William G. Holmes,
 Assistant Prosecutor, on the brief).

PER CURIAM
 Defendant Brian D. Sooy appeals from the December 23, 2015

denial of his application to the Pre-trial Intervention Program

(PTI), Rule 3:28; N.J.S.A. 2C:43-12. A February 17, 2016 judgment

of conviction resulted from his guilty plea to third-degree

terroristic threats, N.J.S.A. 2C:12-3(a). Rule 3:28(g) allows the

appeal of rejection from PTI even after a guilty plea. Defendant

was sentenced to probation for four years. Because the record on

appeal is insufficient for our review, we dismiss this appeal.

 Defendant was indicted in three counts for various crimes in

connection with comments he posted on his own and a police

department Facebook accounts threatening violence towards the

police and a municipal court judge. Although with the consent of

both parties defendant was initially found incompetent to stand

trial,1 months later he was deemed competent by a different judge

after another court-ordered evaluation.

 On December 23, 2015, defense counsel put the following

comments on the record regarding a potential plea agreement, which

were agreed to by the State:

 the State offered Mr. Sooy, if we were not to
 do any of the [m]otions, the offer was
 probation, where the defense could argue for
 one-year probation, the State could argue for
 up to five years probation. If the [m]otions

1
 We were not furnished with a transcript of this proceeding.

 2 A-3253-15T2
 were filed and unsuccessful, the State was
 going to offer four years probation.2

Defendant nonetheless pursued an unsuccessful motion to dismiss

the indictment. He also appealed the denial of his admission to

PTI. Defense counsel stated at the beginning of the hearing that

defendant was accepted by the PTI director. Later in the hearing,

the prosecutor stated that the director rejected defendant's

application. The court does not mention in its reasons the posture

of the PTI director.

 Defendant raises the following issue on appeal:

 POINT I: THE TRIAL COURT ERRED IN FINDING THE
 STATE'S DENIAL OF DEFENDANT'S APPLICATION FOR
 PRE-TRIAL INTERVENTION WAS NOT A PATENT AND
 GROSS ABUSE OF DISCRETION.

 In defendant's appellate procedural history, he indicates

again that he was accepted by the PTI director. In its appellate

brief, the State adopts the defense procedural history as written.

We have not been provided with a copy of the PTI director's written

2
 We note that a plea agreement to a specific agreed-upon, non-
mandatory sentence is not permitted. State v. Hess, 207 N.J. 123,
151 (2011). Defense counsel argued for one year of probation.
The prosecutor stated that "this was a negotiated [p]lea
[a]greement, in which both parties agreed to four years of
probation. . . . This is the first time the State's been given any
notice that the defendant is now requesting a lesser sentence.
It's the State's position that the four years of probation was the
negotiated [p]lea, and he should be sentenced to that today."
Although the court did properly consider a lesser sentence before
imposing four years of probation, we think it appropriate to point
out the State's mistaken claim regarding "negotiated" sentences.
 3 A-3253-15T2
decision. See N.J.S.A. 2C:43-12(c) (requiring that all decisions

by directors or prosecutors be written); see also State v. Nwobu,

139 N.J. 236, 246 (1995). The prosecutor states that he filed a

written objection to defendant's admission to PTI by way of a

"brief" dated January 21, 2015. We have not been provided with

this document either. It is appellant's obligation to include

these documents. See R. 2:6-1(a)(1)(I) (stating the appendix must

contain "such other parts of the record, excluding the stenographic

transcript, as are essential to the proper consideration of the

issues").

 Without the written decisions from the PTI director and

prosecutor, we cannot properly evaluate the judge's decision that

defendant's rejection from the PTI program was not an abuse of

prosecutorial discretion. We therefore dismiss this appeal.

 Dismissed.

 4 A-3253-15T2